**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAVON ALSTON,**<br>**Plaintiff,** | : | **Civil Action No.** 26-6757 |
| **v.** | : | **Complaint and Jury Demand** |
| **BELMONT BEHAVIORAL HEALTH SYSTEM,**<br>**Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Javon Alston (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Belmont Behavioral System (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, Defendant Belmont Behavioral Health System is a provider of mental health and psychiatric inpatient treatment with a location and corporate headquarters at 4200 Monument Road, Philadelphia, PA 19131.

4. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law and local ordinance claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted his administrative remedies under Title VII, the PHRA and the PFPO.
13. On or about May 30, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), which he digitally signed the same day, alleging gender discrimination as well as retaliation against Defendants.
14. The Charge was assigned a Charge Number 530-2026-06958 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 8, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint the first day the ninetieth (90th) day after issuance of the Right to Sue as it relates to his federal law claims and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and PFPO claims.
18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male.

21. In or around April 2018, Defendant hired Plaintiff in the position of Clinical Behavioral Health Associate III.

22. Plaintiff was well qualified for his position and performed well.

23. Additionally, Plaintiff served as a Trainer at Defendant.

24. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF ENTERED INTO AN INTIMATE RELATIONSHIP WITH HIS SUPERVISOR

25. In or around 2023, Plaintiff had an intimate relationship with Megan Last Name Unknown ("LNU") (female), former Nurse Manager and current Assistant Director of Nursing.

## PLAINTIFF ENDED THE RELATIONSHIP AND WAS SUBJECTED TO RETALIATION AS A RESULT

26. Plaintiff ended the relationship.

27. Following the end of the relationship, Megan began to retaliate against him.

## PLAINTIFF ENTERED INTO AN INTIMATE RELATIONSHIP WITH HIS SUPERVISOR

28. Beginning in or around 2024, Plaintiff had an intimate relationship with Shawna LNU (female), Nurse Manager.

## PLAINTIFF ENDED THE RELATIONSHIP WITH SHAWNA

29. In or around October 2025, Plaintiff ended the relationship.

**SHAWNA ENGAGED IN QUID PRO QUO SEXUAL HARASSMENT AFTER PLAINTIFF ENDED THEIR RELATIONSHIP**

30. Megan and Shawna were friends.

31. Upon ending the relationship, Shawna altered the terms and conditions of Plaintiff's employment.

32. After Plaintiff ended his relationship with Shawna, she attempted to send him home without justification.

33. Plaintiff refused.

34. Shawna then attempted to write Plaintiff up for allegedly abandoning his shift.

35. Plaintiff did not abandon his shift.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES REGARDING SHAWNA AND MEGAN'S TREATMENT OF HIM**

36. Plaintiff and Shawna were required to attend multiple meetings with Human Resources.

37. Human Resources set up boundaries prohibiting Shawna from contacting Plaintiff's personal phone.

38. Plaintiff believed Shawna treated him this way in retaliation for ending their intimate relationship.

39. Plaintiff complained to Human Resources about Shawna's conduct.

40. He did not disclose the intimate relationship at that time.

41. Megan and Shawna acted together against Plaintiff.

42. The workplace is predominantly female.

43. Upon information and belief, similarly situated female employees were not subjected to the same treatment.

**A FEMALE NURSE EDUCATOR MADE A FALSE ALLEGATION AGAINST PLAINTIFF**

44. In December 2025, Tamara LNU (female), Nurse Educator, made false allegations that Plaintiff mocked her during a training session.

**DEFENDANT REMOVED PLAINTIFF FROM HIS TRAINER DUTIES WITHOUT CONDUCTING A PROPER INVESTIGATION**

45. As a direct result, Defendant removed Plaintiff from his Trainer duties and reduced his compensation.

46. Defendant did not conduct a proper investigation, as it did not notify Plaintiff of the allegations or give him an opportunity to respond to the false allegations prior to the adverse action.

47. In addition, Defendant did not contact any witnesses regarding the incident.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT THE QUID PRO QUO SEXUAL HARASSMENT AND SEX DISCRIMINATION**

48. In or around January 2026, Plaintiff reported to Human Resources that he was being sexually harassed and targeted based on his sex.

49. Plaintiff requested a mediation between himself, Human Resources, and Tamara.

50. However, Tamara refused to attend the mediation.

51. Human Resources took no corrective action in response to Plaintiff’s complaint.

**DEFENDANT CONTINUED TO ISSUE PLAINTIFF UNWARRANTED REPRIMANDS**

52. Following his complaints to Human Resources, Defendant continued to issue Plaintiff unwarranted reprimands for minor infractions or conduct he did not commit.

**PLAINTIFF WROTE ON A PIECE OF PAPER POSTED IN THE KITCHEN**

53. In early February 2026, a piece of paper was posted in the kitchen at Defendant’s facility.

54. Plaintiff wrote on the piece of paper as a joke.

55. Plaintiff was observed on camera.

**DEFENDANT TERMINATED PLAINTIFF**

56. On February 6, 2026, Defendant terminated Plaintiff for allegedly damaging property.

57. Plaintiff was not on a final warning at the time of his termination.

58. Upon information and belief, similarly situated female employees and/or employees who did not report gender discrimination and/or sexual harassment were not terminated or similar conduct.

59. Defendant subjected Plaintiff to quid pro quo sexual harassment, discriminated against Plaintiff due to his sex and retaliated against him for reporting the aforementioned discrimination and harassment in violation of Title VII, the PHRA and the PFPO.

60. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – SEXUAL HARASSMENT – *QUID PRO QUO***
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a member of a protected class in that he is male.

63. Plaintiff was subject to unwelcome conduct by his supervisors, Megan and Shawna.

64. Plaintiff's reaction to Megan's and Shawna's advances affected tangible aspects of his employment.

65. Megan and Shawna were employees of Defendant who had significant authority and decision-making power over Plaintiff, and was involved as a decision-maker in Defendant's termination of Plaintiff's employment.

66. The unlawful employment practices outlined above were intentional.

67. Defendant engaged in the unlawful employment practices outlined above with malice or

reckless indifference to the federally protected rights of Plaintiff.

68. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – SEXUAL HARASSMENT – *QUID PRO QUO***
**PENNSYLVANIA HUMAN RELATIONS ACT**

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff is a member of a protected class in that he is male.

71. Plaintiff was subject to unwelcome sexual conduct by his supervisors, Megan and Shawna.

72. The conduct was intentional and based upon Plaintiff's sex.

73. Submission to Megan's and Shawna's conduct was a condition of Plaintiff's employment.

74. Defendant knew or should have known about Megan's and Shawna's conduct and failed to take any action to prevent or correct Megan's and Shawna's behavior.

75. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III – SEXUAL HARASSMENT – *QUID PRO QUO***
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. Plaintiff is a member of a protected class in that he is male.

78. Plaintiff was subject to unwelcome sexual conduct by his supervisors, Megan and Shawna.

79. The conduct was intentional and based upon Plaintiff's sex.

80. Submission to Megan's and Shawna's conduct was a condition of Plaintiff's employment.

81. Defendant knew or should have known about Megan's and Shawna's conduct and failed to take any action to prevent or correct Megan's and Shawna's behavior.

82. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff is a member of protected classes in that he is male.

85. Plaintiff was qualified to perform the job for which he was hired.

86. Plaintiff suffered adverse job actions, including, but not limited to termination.

87. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

88. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

89. Defendant discriminated against Plaintiff on the basis of his protected class.

90. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

91. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

92. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – DISCRIMINATION BASED ON SEX**
**PENNSYLVANIA HUMAN RELATIONS ACT**

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male), in that Defendant treated Plaintiff less favorably than females.

95. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – DISCRIMINATION BASED ON SEX**
**PHILADELAPHIA FAIR PRACTICES ORDINANCE**

96. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

97. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male), in that Defendant treated Plaintiff less favorably than females.

98. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

99. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

100. Plaintiff engaged in activity protected by Title VII.

101. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

102. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

103. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

104. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

105. Plaintiff engaged in activity protected by the PHRA.

106. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

107. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

108. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

109. Plaintiff engaged in activity protected by the PFPO.

110. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

111. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Javon Alston, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Punitive and/or liquidated damages, if applicable;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for the negative tax consequences of a lump sum award in a single tax year;

(h) A permanent injunction enjoining Defendant, their directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and

the PFPO.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**
**KOLLER LAW, LLC**

Date: September 8, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*